GALLI v REUTTER

Docket No. 80778. Submitted August 21, 1985, at Detroit.—Decided
December 6, 1985. ˙

A Macomb Circuit Court jury awarded plaintiff, Gertrude Galli,
$45,000 by a special verdict after it found that the injuries
which the plaintiff sustained in an automobile accident involv-
ing defendant, George Reutter, amounted to a serious impair-
ment of an important body function. Defendant moved for
"summary judgment as a matter of law" at the close of plain-
tiff's case; renewed his motion for a directed verdict on the
question of whether plaintiff had suffered a serious impairment
of body function at the close of proofs; and moved for a new
trial or, in the alternative, *remittitur.* The circuit court, Law-
rence P. Zatkoff, J., denied all of defendant's motions. Defen-
dant appealed as of right. *Held:*

1. A factual dispute regarding the nature and extent of
plaintiff's injuries existed. Therefore, the question of whether
or not plaintiff sustained a serious impairment of body function
was one for the jury and not the trial court to decide. The trial
court did not err in denying defendant's motion for a directed
verdict.

2. The testimony of the police officer who responded to the
accident, admitted over defense objection, was inadmissible
hearsay. However, its admission was harmless error since both
plaintiff's and defendant's testimony established the same facts
by competent evidence.

3. The testimony of plaintiff's physical therapist regarding
plaintiff's medical history was admissible as an exception to the
hearsay rule and was properly admitted by the trial court.
Even if it were inadmissible hearsay, competent testimony from

REFERENCES

Am Jur 2d, Appeal and Error § 21.
Am Jur 2d, Automobile Insurance §§ 25, 340-368.
Am Jur 2d, Evidence §§ 493-497, 590, 1094.
Am Jur 2d, New Trial § 212.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

four doctors established the same medical history, so that error, if any, would have been harmless.

4. The evidence at trial supported the jury's finding.

5. The jury's damage award was within the limits of what reasonable minds would deem just compensation for the injury and did not shock the judicial conscience of the Court of Appeals, nor did it appear to be unsupported by the proofs or seem to be the product of improper methods, passion, caprice or prejudice. Therefore, the trial court did not abuse its discretion in denying defendant's motion for *remittitur.*

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — SERIOUS IMPAIRMENT OF BODY FUNCTION — APPEAL.

The Court of Appeals, in reviewing a trial court's ruling that a plaintiff's injuries do not constitute a serious impairment of body function for purposes of noneconomic tort recovery under the no-fault act, has used either the "clearly erroneous" standard of review or viewed the evidence in a light most favorable to the nonmoving party (MCL 500.3135; MSA 24.13135).

2. EVIDENCE — HEARSAY — HARMLESS ERROR.

The erroneous admission of hearsay testimony is harmless where the same facts are shown by other competent evidence.

3. EVIDENCE — HEARSAY — EXCEPTIONS.

A statement made by a patient to a treating physical therapist in connection with his medical treatment is admissible as an exception to the hearsay rule (MRE 803[4]).

4. NEW TRIAL — APPEAL — MOTIONS AND ORDERS.

The grant or denial of a motion for a new trial rests in the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.

5. DAMAGES — PERSONAL INJURY — APPEAL.

The standard of review of personal injury awards in cases tried to juries is whether the award shocks the judicial conscience, appears unsupported by the proofs, or seems to be a product of improper methods, passion, caprice, or prejudice.

*Sam Serra,* for plaintiff.

*Glime, Daoust, Wilds, Rusing & Le Duc* (by *Lawrence Schloss),* for defendant.

Before: MacKenzie, P.J., and Cynar and H. E. Deming,* JJ.

Per Curiam. This case involves a tort claim for injuries plaintiff allegedly sustained as a result of an automobile accident. Following a trial, the jury returned a special verdict finding that plaintiff's injuries amounted to a serious impairment of an important body function and awarded plaintiff $45,000. Defendant unsuccessfully moved for a new trial or, in the alternative, *remittitur.* Defendant appeals as of right. We affirm.

At the close of plaintiff's case, defendant moved for "summary judgment as a matter of law"; at the close of proofs, defendant "renewed" his motion for a directed verdict on the question of whether plaintiff had suffered a serious impairment of body function. Defendant contends that the trial court erred in denying both motions and submitting the case to the jury.

In *Cassidy v McGovern,* 415 Mich 483, 502; 330 NW2d 22 (1982), the Court stated:

"We hold that when there is no factual dispute regarding the nature and extent of a plaintiff's injuries, the question of serious impairment of body function shall be decided as a matter of law by the court. Likewise, if there is a factual dispute as to the nature and extent of a plaintiff's injuries, but the dispute is not material to the determination whether plaintiff has suffered a serious impairment of body function, the court shall rule as a matter of law whether the threshold requirement of MCL 500.3135; MSA 24.13135 has been met."

The standard of review to be used in our review of the lower court's rulings is unclear. Some panels of this Court have viewed the evidence in a

* Circuit judge, sitting on the Court of Appeals by assignment.

light most favorable to the nonmoving party. See *Van Every v SEMTA,* 142 Mich App 256; 369 NW2d 875 (1985), *Argenta v Shahan,* 135 Mich App 477; 354 NW2d 796 (1984), *lv gtd* 421 Mich 858 (1985). The "clearly erroneous" standard has also been used. See *Kelleher v Kuchta,* 138 Mich App 45, 47; 359 NW2d 224 (1984). We find that regardless of which standard is applied in this case the trial court did not err in denying the defendant's motions since there existed a factual dispute regarding the nature and extent of plaintiff's injuries which was material to the determination of whether plaintiff suffered a serious impairment of body function. See *Cassidy, supra,* p 502.

Plaintiff testified that her injuries have significantly interfered with her normal lifestyle. She has had trouble walking since the accident, needing the use of a cane or walker. Other physical activities have been substantially reduced. She cannot sleep for extended periods of time. She can only drive short distances.

According to Dr. Edward Maxim, an orthopedic surgeon, plaintiff exhibits a right-sided limp and lower neck and trapezius muscle tenderness. He performed active and passive range-of-motion tests on plaintiff's neck, observing considerable restriction of movement. Plaintiff's neck and cervical spine were x-rayed, and Dr. Maxim also reviewed x-rays of plaintiff's lumbar spine region which had been taken a month before. He diagnosed a degenerative C-5 intervertebral disk and degenerative L-4 disk, with nerve root compression. In his opinion, the degeneration of C-5 was pre-existing but had been asymptomatic; as a result of the automobile accident the degeneration of the disk accelerated and became symptomatic. He was also of the opinion that the accident aggravated plaintiff's lumbar condition. His prognosis was that the dam-

age to her disks was permanent and would worsen. On cross-examination Dr. Maxim admitted the possibility that plaintiff's disks degenerated spontaneously without any trauma sustained in the accident.

The deposition of William H. Salot, an orthopedic surgeon, was read into evidence. In his opinion, plaintiff's pain and injuries would not resolve completely under any treatment. On cross-examination, he testified that plaintiff's pre-existing degenerative disk disease may have caused the pain she was experiencing and could be related to aging and arthritis.

The deposition of Dr. Michael Haas, a family practitioner who had treated plaintiff since 1969, was also read to the jury. His examination of plaintiff 14 days after the accident revealed a severe contusion and strain of the cervical and lumbrosacral spine and the abdomen with post-traumatic radiculitis. He testified that he had treated plaintiff's arthritis prior to the accident with better results than after the accident, since the accident severely aggravated her pre-existing arthritis. He also testified that all plaintiff's movements were limited.

The video deposition of Dr. Jarlath Quinn was offered by defendant. He found that plaintiff had full range of motion in her neck and diagnosed her condition as degenerative osteoarthritis which antedated the automobile accident. In his opinion, whatever soft tissue injuries plaintiff may have sustained in the accident had been resolved and such injuries did not aggravate her arthritic condition. He concluded that plaintiff did not suffer severe injury in the accident, and that the accident had no effect on plaintiff's prior health problems.

Based upon the foregoing, we conclude that it

was proper for the trial court to submit this case to the jury. The testimony of plaintiff and Drs. Maxim, Salot, and Haas demonstrated that plaintiff's injuries were objectively manifested through x-rays and passive movement tests, see *Williams v Payne,* 131 Mich App 403; 346 NW2d 564 (1984), *Salim v Shepler,* 142 Mich App 145; 369 NW2d 282 (1985), *Argenta, supra,* and substantially affected her ability to lead a normal life, see *Braden v Lee,* 133 Mich App 215; 348 NW2d 63 (1984). Nevertheless, the testimony of defendant's expert, Dr. Quinn, and defense counsel's cross-examination of plaintiff's experts created a question as to whether the accident aggravated or made symptomatic plaintiff's pre-existing degenerative disease, and if so, the extent of the aggravation. Given this factual dispute, we find no error.

Over defense objection, the officer who responded to the accident was allowed to read from his police report plaintiff's statements at the scene of the accident. Defendant contends this testimony was inadmissible hearsay. We agree, but find that the error was harmless since both plaintiff's and defendant's testimony established the same facts by competent evidence. See *People v Slaton,* 135 Mich App 328, 338; 354 NW2d 326 (1984).

Defendant also contends that the testimony of plaintiff's physical therapist regarding her medical history was inadmissible hearsay because the witness was not an M.D. subject to the hearsay exception of MRE 803(4). We are not persuaded by the argument. MRE 803(4) is not by its terms limited solely to statements made for purposes of medical treatment by physicians and we decline to read the rule so narrowly. In any event, competent testimony from four doctors established the same medical history so that the error, if any, was harmless. See *Slaton, supra,* p 338.

We are similarly unpersuaded by defendant's contention that the trial court erred in denying his motion for new trial. The grant or denial of a motion for new trial rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Vargo v Denison,* 140 Mich App 571, 573; 364 NW2d 376 (1985). When there is competent evidence to support the finding of a jury, its verdict should not be set aside. *Goins v Ford Motor Co,* 131 Mich App 185, 198; 347 NW2d 184 (1983). Here, the evidence at trial supports the jury's finding. Plaintiff's medical experts testified that the accident aggravated and accelerated her pre-existing back condition. Plaintiff testified that the aggravation of her condition significantly interfered with her normal lifestyle. We cannot say that the trial court abused its discretion in denying defendant's motion.

Nor do we agree with defendant that the trial court abused its discretion in denying defendant's motion for *remittitur* based upon GCR 1963, 527.1(4) and 527.6. In reviewing damage awards in cases tried to juries, the test is "whether the award shocks the judicial conscience, appears unsupported by the proofs, or seems to be the product of improper methods, passion, caprice, or prejudice". *Precopio v Detroit,* 415 Mich 457, 465; 330 NW2d 802 (1982). Applying this test, we find that the trial court did not abuse its discretion in denying defendant's motion. The damages awarded are "within the limits of what reasonable minds would deem just compensation for the injury", *Precopio, supra,* and cannot be said to be based on prejudice, caprice, or other kindred reasons.

Affirmed.