PEOPLE v ZYSK

Docket No. 84219. Submitted December 4, 1985, at Lansing.—Decided
    February 19, 1986.

    Defendant, Kenneth E. Zysk, was convicted of first-degree crimi-
    nal sexual conduct and possession of a concealed weapon,
    Oakland Circuit Court, Fred M. Mester, J. Defendant appealed,
    alleging numerous errors. *Held:*

        1. Defendant alleged that it was error for the trial court to
    permit a witness to state her opinion regarding the complain-
    ant's credibility. However, defendant failed to object to the
    testimony at trial and, thus, review is limited to whether
    defendant was subject to manifest injustice. The Court of
    Appeals concluded that, had there been an objection, a caution-
    ary instruction could have cured any prejudice which may have
    resulted from the witness's testimony.

        2. A statement made by the victim to a nurse during a

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Evidence §§ 180, 181, 683 *et seq.,* 716-721, 736, 737.

Am Jur 2d, Rape §§ 53 *et seq.*

Am Jur 2d, Trial §§ 192 *et seq.,* 305, 651

Am Jur 2d, Weapons and Firearms §§ 8-23.

Am Jur 2d, Witnesses § 2.

Admissibility in rape case, under Rule 412 of Federal Rules of
    Evidence, of evidence of victim's past sexual behavior. 65 ALR
    Fed 519.

Admissibility of statements made for purposes of medical diagnosis
    or treatment as hearsay exception under Rule 803(4) of Federal
    Rules of Evidence. 55 ALR Fed 689.

Constitutionality of "rape shield" statute restricting use of evidence
    of victim's sexual experiences. 1 ALR4th 283.

Modern status of admissibility, in forceable rape prosecution, of
    complainant's general reputation for unchastity. 95 ALR3d 1181.

Modern status of admissibility, in forceable rape prosecution, of
    complainant's prior sexual acts. 94 ALR3d 257.

Time element as affecting admissibility of statement or complaint
    made by victim of sex crime as res gestae, spontaneous exclama-
    tion, or excited utterance. 89 ALR3d 102.

Fact that rape victim's complaint or statement was made in re-
    sponse to questions as affecting res gestae character. 80 ALR3d
    369.

hospital examination was properly admitted both as an excited utterance and because it was made for purposes of medical treatment or diagnosis.

3. The prosecutor's argument to the jury that defendant's presence at the trial gave him an opportunity to fabricate his testimony was proper comment on defendant's credibility.

4. The court properly limited testimony concerning the victim's prior sexual relationship with the defendant.

5. The court was correct in not giving an instruction on the hunting knife exception to carrying a concealed weapon. Defendant did not offer any evidence to suggest that the knife was being carried for hunting purposes.

6. Defendant's claims of improper prosecutorial comment were rejected. Failure to object to allegedly improper prosecutorial comment precludes appellate review absent manifest injustice.

7. The court did not err in refusing to instruct the jury that, since certain res gestae witnesses were not produced, their testimony could be presumed to be unfavorable to the prosecution. The court did not clearly err in determining that the witnesses were not res gestae witnesses. Further, if the determination was erroneous, the error was harmless.

Affirmed.

1. Evidence — Hearsay — Excited Utterances — Rules of Evidence.

In determining whether a hearsay statement meets the excited utterance exception to the hearsay rule, lapse of time between the event and the utterance is a significant factor depending upon the character of the event; the court should examine the actual time period that elapsed in conjunction with the speaker's emotional state during the period (MRE 803[2]).

2. Witnesses — Hearsay — Medical Treatment Exception — Rules of Evidence.

A two-part test may be applied to determine whether a patient's statements to a doctor were reasonably necessary to diagnosis and treatment for purposes of application of the medical treatment exception to the hearsay rule: first, the declarant's motive must be consistent with the purpose of the rule and, second, it must be reasonable for the doctor to rely on the information in diagnosis and treatment (MRE 803[4]).

3. Prosecuting Attorneys — Comments on Credibility.

A prosecutor may comment upon and draw inferences from the

testimony of a witness, including a defendant, and may argue that the witness is not worthy of belief; where supported by the evidence, an argument that the defendant's presence at trial afforded him an opportunity to fabricate testimony or to conform his testimony to that of other witnesses is proper comment upon credibility.

4. EVIDENCE — RAPE — RAPE-SHIELD STATUTE.

The rape-shield statute represents a legislative determination that in most instances evidence of a complainant's past sexual conduct is irrelevant and highly prejudicial (MCL 750.520j; MSA 28.788[10]).

5. RAPE — EVIDENCE — PRIOR SEXUAL CONDUCT — RAPE-SHIELD STATUTE.

Subsection (a) of the rape-shield statute limits the introduction of evidence of past sexual conduct between the victim and the actor to instances in which the trial court determines that the evidence is material to a fact at issue in the case; that determination is within the sound discretion of the trial court, and when making its determination, the court should always favor exclusion as long as exclusion does not abridge the defendant's right to confrontation (MCL 750.520j[a]; MSA 28.788[10][a]).

6. WEAPONS — CARRYING CONCEALED WEAPONS — JURY INSTRUCTIONS.

A trial court in a trial on a carrying a concealed weapons charge does not err in refusing to instruct on the hunting knife exemption where the defendant did not offer some evidence to the effect that the knife was being used for hunting purposes (MCL 750.227; MSA 28.424; CJI 11:1:12).

7. APPEAL — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

Failure to object to allegedly improper prosecutorial comment precludes appellate review absent manifest injustice.

8. CRIMINAL LAW — WITNESSES — RES GESTAE WITNESSES.

A res gestae witness is one who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for defendant on appeal.

Before: Cynar, P.J., and Wahls and Gribbs, JJ.

Per Curiam. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and the unlawful possession of a concealed weapon, MCL 750.227; MSA 28.424. He was sentenced to prison terms of from 8 to 20 years and 1 to 5 years to be served concurrently. Defendant appeals as of right.

The victim was the defendant's ex-girlfriend, 18-year-old Debra Maes. She testified that on the night of June 12, 1983, she was residing in the home of her friend, Jerry Wardlaw. She was asleep in her bedroom when at approximately 3 a.m. she was awakened by the defendant. She agreed to talk with defendant and accompanied him outside where they talked for some time. After they returned to the house, defendant became angry and began threatening Maes with a knife.

At knifepoint and upon defendant's command, she drove defendant to a gas station, then to a nearby park. After parking the car, they walked to an isolated area and defendant ordered her to lie down on a gravel path. Defendant then repeatedly inserted his knife handle into her vagina then forced her to submit to vaginal and anal intercourse. After Maes was permitted to leave the park, she drove to a nearby restaurant where her boyfriend was working. The police were notified and arrived shortly thereafter.

Maes accompanied the officer to the park where she spotted defendant walking along the road. The officer questioned defendant and confiscated his hunting knife, after which defendant was taken to the police station in another squad car. After Maes

pointed out the location of the rape, the officer took her to Oakwood General Hospital.

At trial, a nurse testified that she had assumed the care and processing of Maes in the emergency room. The nurse described Maes as very anxious and afraid, crying intermittently, and suffering from severe abdominal muscle tremors. When asked whether Maes was "making up" the rape, the nurse replied that Debbie "was telling the truth" and that she "believed what she [Maes] was telling me".

Defendant argues that it was error for the trial court to permit the witness to state her opinion regarding the complainant's credibility. We note, however, that defendant failed to object to the testimony at trial and our review is limited to whether defendant was subject to manifest injustice. *People v Owens,* 108 Mich App 600; 310 NW2d 819 (1981), *lv den* 412 Mich 866 (1981). We concluded that, had there been an objection, a cautionary instruction could have cured any prejudice which may have resulted from the witness's testimony, *People v Byrd,* 133 Mich App 767; 350 NW2d 802 (1984). No manifest injustice was present in this case.

Defendant next argues that the trial court erred in admitting into evidence the nurse's account of a statement complainant made during her hospital examination. The trial court permitted the statement on the dual bases that it was an excited utterance, MRE 803(2), and that it had been made for purposes of medical treatment or diagnosis, MRE 803(4). The chief question raised by defendant is whether or not the statement, if characterized as an excited utterance, was made before there was time to contrive or misrepresent. *People v Gee,* 406 Mich 279, 282; 278 NW2d 304 (1979);

*People v Kreiner,* 415 Mich 372; 329 NW2d 716 (1982), *reh den* 417 Mich 1104 (1983).

While the actual lapse of time between the event and the statement is a significant factor, its significance depends largely on the character of the event. *People v Petrella,* 124 Mich App 745; 336 NW2d 761 (1983), *lv granted on other grounds* 419 Mich 922 (1984). When determining the "time for contrivance" requirement, this Court should examine the actual time period that elapsed in conjunction with the victim's emotional state during the time period. *People v Carson,* 87 Mich App 163; 274 NW2d 3 (1978). Here, the prosecutor presented evidence that Maes remained in a highly excited state during the entire three-hour period before the statement was made. The officers who responded to the report described complainant as very upset. The examining nurse testified that Maes was shaking and crying and experiencing severe abdominal contractions. In addition, the brutal nature of the attack and the accompanying threats support the trial court's determination that complainant remained in an excited state when the statement was made.

Defendant also argues that the medical treatment or diagnosis exception was inapplicable because the statement was not "reasonably pertinent" to either diagnosis or treatment. Recently, in *People v Wilkins,* 134 Mich App 39, 44; 349 NW2d 815 (1984), *lv den* 422 Mich 862 (1985), a panel of this Court applied the following two-part test to determine the applicability of the medical treatment exception to the statement made by the young victim of a sexual assault:

"First, the declarant's motive must be consistent with the purpose of the rule; and second, it must be reasonable for the physician to rely on the information in diagnosis and treatment."

We believe that this test was met in the instant case. First, nothing in the record indicates that Maes's statement was made for any purpose other than treatment. Second, the witness testified that getting the victim's account is very important in the treatment of a rape victim. If any error occurred, it was in admitting that part of the statement which identified defendant as the attacker. However, since defendant's identification was not at issue, no prejudice to defendant resulted from the admission. We therefore hold that the statement was properly admitted under either exception.

Defendant also claims as error the allowance of remarks made by the prosecutor during closing argument. He argues that it was improper and prejudicial for the prosecutor to argue to the jury that defendant's presence during the trial gave him an opportunity to fabricate his testimony, we reject defendant's argument on the basis of the Supreme Court's decision in *People v Buckey,* 424 Mich 1; 378 NW2d 432 (1985), in which the Court held this to be a proper comment on credibility. We also reject defendant's claim regarding the prosecutor's comments as to the testimony of the nurse. Defendant failed to object to the prosecutor's remarks and we find no manifest injustice. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977); *People v Johnson,* 141 Mich App 622; 368 NW2d 736 (1985).

Defendant next argues that the trial court improperly limited his testimony and his cross-examination of the complainant. At trial, defendant admitted that he had had intercourse with Maes but asserted that it was consensual. In support of his defense, defendant sought to introduce evidence of his past sexual relationship with complainant. A separate record was made in which

Maes admitted to previous oral sex and bondage episodes. The trial court ruled that defense counsel could question Maes about previous anal and vaginal sex episodes but refused to admit evidence of the other sexual episodes on the grounds that it was not relevant. Defendant's testimony was likewise circumscribed. Defendant argues that the court's refusal to admit the evidence was error.

The rape-shield statute, MCL 750.520j; MSA 28.788(10), represents a legislative determination that in most instances evidence of a complainant's past sexual conduct is irrelevant and highly prejudicial. *People v Arenda,* 416 Mich 1; 330 NW2d 814 (1982). Subsection (a) of the statute limits the introduction of evidence of past sexual conduct between the victim and the actor to instances in which the trial court determines that the evidence is material to a fact at issue in the case. The determination of admissibility is within the sound discretion of the trial court. *People v Hackett,* 421 Mich 338; 365 NW2d 120 (1984). When making its determination, the court should always favor exclusion as long as exclusion does not abridge the defendant's right to confrontation. *Hackett, supra,* p 349.

Defendant's argument is premised on the assumption that the excluded evidence was probative of his claim that complainant consented to have sexual relations with him on the night in question. However, the prior sexual episodes which defendant sought to have admitted were distinct and unrelated to the brutal acts involved in the charged offense. In *People v Williams,* 416 Mich 25, 38; 330 NW2d 823 (1982), the Supreme Court rejected a similar claim on the basis that excluded evidence of prior sexual acts between the victim and a solitary defendant had "little or no logical relevance" to the issue of consent when the

charged offense involved a "group sexual encounter". Defendant has provided no basis to warrant a different conclusion in the instant case. The excluded evidence of unrelated sexual acts had no relevance to the issue of consent and was highly prejudicial. Moreover, the court admitted evidence of previous sexual conduct which involved the same acts as occurred during the rape. Since there was no other basis to justify the admission, we hold that the trial court did not abuse its discretion in limiting the evidence of prior sexual conduct between the parties.

Defendant raises two additional claims, neither of which is supported by the record. Defendant argues that the court erred in failing to instruct the jury on the hunting knife exemption to the carrying concealed weapons statute. CJI 11:1:12; MCL 750.227; MSA 28.424. However, in order for the instruction to be given, the defendant must offer some evidence that the knife was being used for hunting purposes. *People v Wright,* 97 Mich App 411; 296 NW2d 46 (1980). A review of the record reveals that defendant failed to meet this burden. Since the evidence did not support the application of the hunting knife exemption, the court did not err in refusing to give the instruction. *People v Parker,* 133 Mich App 358; 349 NW2d 514 (1984), MCL 768.29; MSA 28.1052.

Defendant also alleges that the prosecutor improperly introduced and commented on prejudicial evidence regarding a prosecution witness's religious affiliation. We note, however, that defense counsel failed to object to any of the questions or to the prosecutor's comments during closing argument. Failure to object at trial precludes appellate review in the absence of manifest injustice. *People v Jancar,* 140 Mich App 222; 363 NW2d 455 (1985); *People v Duncan, supra.* Here the record indicates

that the evidence was admitted for proper purposes and there is no indication that the witness's religious affiliation was used to bolster his credibility or damage the defendant's. We find no manifest injustice.

Defendant's final claim involves the court's refusal to instruct the jury that, since certain res gestae witnesses were not produced, their testimony could be presumed to be unfavorable to the prosecution's case. CJI 5:2:14. The trial court refused to issue the instruction on the grounds that neither witness could be properly classified as a res gestae witness. We do not believe the trial court's determination was clearly erroneous. *People v Carr,* 141 Mich App 442; 367 NW2d 407 (1985).

A res gestae witness is one who was an eyewitness to some event in the continuum of the criminal transaction and whose testimony can aid in developing the full disclosure of the facts surrounding the commission of the charged offense. *Carr, supra,* p 449. The witnesses at issue herein were Jerry Wardlaw, the owner of the house, and Kenneth Coyle, complainant's boyfriend at the time of the rape. According to complainant's testimony, Wardlaw spoke with defendant briefly on the night the rape occurred and, at one point in the conversation, defendant showed Wardlaw the hunting knife. Coyle, on the other hand, was the first person to see complainant after the rape and the person who notified the police.

While the witnesses might have shed some light on the events surrounding the rape, their connection was peripheral. The crime was complete well before Coyle's involvement and had not even begun when Wardlaw was present on the scene. Neither was present during the actual offense and neither could have provided any significant insight

into the assault. Accordingly, we do not believe that the court clearly erred in refusing to classify either witness as res gestae.

Furthermore, even if the court's determination was erroneous, we are not persuaded that it would require reversal. Defendant did not deny being at complainant's home, carrying the knife, or having intercourse with complainant. Since neither of the witnesses saw the actual assault, it is difficult to imagine what these witnesses could have added to the defendant's theory of defense. Moreover, both attorneys argued in closing argument that the missing witnesses' testimony could be presumed unfavorable to the prosecution. In light of the theory of defense and the witnesses' tenuous connection to the events, any error committed by the trial court was harmless. *People v Doyan,* 116 Mich App 356; 323 NW2d 397 (1982); *People v Kincaid,* 136 Mich App 209; 356 NW2d 4 (1984), *lv den* 422 Mich 903 (1985).

Affirmed.