**STATE of South Dakota, Plaintiff and Appellee,**

v.

**John BLALACK, Defendant and Appellant.**

**No. 16069.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 11, 1988.

Decided Dec. 14, 1988.

Frank Geaghan, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Jacqueline M. Rasmussen of Nelson and Harding, Rapid City, for defendant and appellant.

WUEST, Chief Justice.

Defendant, John Blalack, appeals his conviction of first degree rape and aiding and abetting in the commission of first degree rape, in violation of SDCL 22–22–1[1] and SDCL 22–3–3,[2] respectively. We affirm.

The victim in this matter is defendant's ex-wife. By placing her in fear of physical harm to her or her son, defendant forced his ex-wife into a sexual encounter involv-

---

1. SDCL 22–22–1 provides, in pertinent part:
   Rape is an act of sexual penetration accomplished with any person other than the actor's spouse under any one or more of the following circumstances:
   (1) Through the use of force, coercion or threats of immediate and great bodily harm against the victim or other persons within the victim's presence, accompanied by apparent power of execution;

\* \* \* \* \* \*

A violation of subdivision (1) ... of this section is rape in the first degree....

2. Under SDCL 22–3–3, "[a]ny person who, with the intent to promote or facilitate the commission of a crime, aids, abets or advises another person in planning or committing the crime, is legally accountable, as a principal to the crime."

ing him and another unidentified male whom defendant met by happenstance.[3]

Defendant was found guilty of rape and aiding and abetting in the commission of a rape. He was sentenced to thirty-five years in the state penitentiary on each count to be served concurrently. Defendant now appeals his conviction, raising six issues: (1) whether the trial court abused its discretion in refusing to allow defendant's eliciting testimony concerning the victim's past sexual experience; (2) whether the trial court abused its discretion in denying defendant's motion for a mistrial when evidence concerning defendant's parole status and prior felony conviction was disclosed to the jury; (3) whether the trial court erred in rejecting defendant's proposed jury instructions requiring the victim's testimony to be corroborated; (4) whether defendant was entitled to a judgment of acquittal based upon insufficiency of the evidence; (5) whether the trial court erred in denying defendant's motion for a psychiatric examination of the victim; and (6) whether defendant was denied effective representation of counsel.

We first address defendant's contention that he should have been allowed to introduce evidence regarding the victim's alleged sexual activity with other men and a previously filed rape charge against another man. Although the trial court allowed defendant to elicit testimony from the victim regarding prior "sex trios" in which she and defendant were involved, it ruled that evidence of the victim's sexual encounters with other men was inadmissible on the grounds that such evidence was not relevant. Defendant argues that the excluded evidence is probative of his assertion that the victim consented to have sexual relations with him and the unidentified man on the night in question and that the trial court's refusal to admit this evidence was an abuse of discretion.

■ As a general rule, the admission of evidence concerning a rape victim's prior sexual conduct is precluded by SDCL 23A–22–15.[4] This statute, like rape-shield statutes in other jurisdictions, represents a legislative determination that in most instances, such evidence is not relevant and highly prejudicial to the victim. *See State v. Parsons*, 401 N.W.2d 205 (Iowa App.1986); *People v. Zysk*, 149 Mich.App. 452, 386 N.W.2d 213 (1986); *State v. Hopkins*, 221 Neb. 367, 377 N.W.2d 110 (1985); *State v. Hill*, 309 Minn. 206, 244 N.W.2d 728 (1976). In the limited situations that may arise where evidence of a victim's previous sexual encounters is relevant and material to a fact at issue in the case, the determination of the admissibility of this evidence is entrusted to the sound discretion of the trial court to be exercised after an *in camera* hearing. SDCL 23A–22–15; *Zysk*, 386 N.W.2d at 216; *People v. Hackett*, 421 Mich. 338, 365 N.W.2d 120, 125 (1984). We will not interfere with the trial court's determination of relevancy and materiality unless an abuse of discretion is clearly demonstrated. *Sabag v. Continental South Dakota*, 374 N.W.2d 349, 354 (S.D. 1985); *State v. McNamara*, 325 N.W.2d 288, 291 (S.D.1982).

■ In the present case, we cannot find a clear demonstration of abuse of discretion. There seems to be little, if any, logic in defendant's contention that because the victim may have consented to sexual intercourse with other men in the past, she probably would have consented to the sexual encounter in this case. This evidence of the victim's unrelated consensual sexual relations with other men not only bears no relevance to the issue of consent but also is highly prejudicial and embarrassing to the victim. Moreover, the trial court admitted evidence of previous sexual encounters in

---

**3.** The victim was coerced into performing fellatio on the unidentified party and defendant as well as having sexual intercourse with them.

**4.** SDCL 23A–22–15 provides:
  In prosecutions for rape, evidence of specific instances of a victim's prior sexual conduct shall not be admitted nor reference made thereto before the jury or jury panel, except as provided in this section. Whenever a party proposes to offer evidence concerning a victim's prior sexual conduct, the court shall first conduct a hearing in the absence of the jury and the public to consider and rule upon the relevancy and materiality of the evidence.

which the victim, defendant and another man participated. These incidents did involve conduct which was similar to that which occurred during the rape. We hold that the trial court did not abuse its discretion in excluding the proffered evidence.

We also fail to find an abuse of discretion in the trial court's prohibiting defendant from eliciting testimony regarding a charge of rape allegedly filed by the victim against another man. This court has previously stated that a prior accusation of rape must be demonstrably false before it can be considered relevant. *State v. Sieler*, 397 N.W.2d 89, 92 (S.D.1986). Defendant failed to establish that the victim's previous accusation, if made, was demonstrably untrue. In the absence of such a showing, we hold that the trial court did not abuse its discretion in refusing to allow defendant to elicit this testimony.

We next examine defendant's contention that the trial court abused its discretion in denying his motion for a mistrial. During the reading of a recorded statement to the jury, brief reference was made to defendant's attempt to contact his parole officer.[5] In addition, reference to defendant's prior conviction arose at trial when the prosecutor attempted to impeach his credibility.[6] Defendant claims that this information was prejudicial and constituted grounds for mistrial.

Trial courts have considerable discretion not only in granting or denying a

mistrial (*State v. Closs*, 366 N.W.2d 138, 143 (S.D.1985)) but also in determining the prejudicial effect of a witness' statements. *State v. Michalek*, 407 N.W.2d 815, 818 (S.D.1987). Only when this discretion is clearly abused will this court overturn the trial court's decision. *Id.; State v. Farley*, 290 N.W.2d 491, 494 (S.D.1980).

To justify the granting of a mistrial, an actual showing of prejudice must exist. *Closs*, 366 N.W.2d at 143; *State v. Clabaugh*, 346 N.W.2d 448, 451 (S.D.1984). Prejudicial error for purposes of determining whether error constitutes grounds for mistrial is error "which in all probability must have produced some effect upon the jury's verdict and is harmful to the substantial rights of the party assigning it." *Michalek*, 407 N.W.2d at 818 (*citing State v. Dokken* 385 N.W.2d 493, 498 (S.D.1986)).

Defendant fails to demonstrate that he was prejudiced by the reference to his attempt to contact his parole officer. After examining the record, we are not left with clear impression that the outcome would have been different absent this inadvertent reference. Accordingly, the trial court did not abuse its discretion in denying defendant's motion for a mistrial on this basis.

We also cannot find an abuse of discretion in the trial court's denying a mistrial after the disclosure of defendant's previous felony conviction. We are mindful of the fact that SDCL 19-14-12[7] allows the trial court to admit evidence of prior convictions for impeachment purposes only after it has

5. Prior to trial, defendant moved the trial court to suppress a statement given by him to law enforcement officers. The trial court denied defendant's motion, reasoning that the statement was voluntarily made, and allowed it to be introduced into evidence at trial. In an attempt to minimize any prejudicial impact of the statement, the trial court requested that the prosecutor delete those portions of the statement eluding to defendant's parole status. The prosecutor complied with the trial court's directive and the recorded statement was reviewed by defense counsel prior to trial. It was only through an apparent oversight by both the prosecutor and defense counsel that this reference to defendant's parole status was not deleted.

6. During cross-examination, the following brief exchange between the prosecutor and defendant disclosed defendant's prior conviction:

Q. (By Mr. Groff:) First of all, can you just tell me yes or no, have you ever been convicted of a felony?
A. Yes.
Trial Tr. at 105–06.

7. SDCL 19-14-12 provides:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or the accused and the crime
(1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or
(2) involved dishonesty or false statement, regardless of the punishment.

made "a definite finding that prior convictions are more probative than prejudicial." *State v. Cochrun,* 328 N.W.2d 271, 274 (S.D.1983); *State v. Quinn,* 286 N.W.2d 320, 323 (S.D.1979). We also note that the record does not indicate that the trial court weighed the probative value against the prejudicial effect of the evidence in issue. The danger of this evidence having an unfairly prejudicial effect is, most assuredly, of great concern. Defendant, however, fails to recognize that the jury was instructed to consider his conviction only as it related to his credibility.[8] Such an instruction limited any prejudicial effect. *See Hanson v. State,* 344 N.W.2d 420 (Minn.App.1984); *State v. Brouillette,* 286 N.W.2d 702 (Minn.1979) (*citing Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed. 2d 606 (1967)). We therefore believe that the trial court's decision denying defendant's motion for a mistrial was not an abuse of discretion.

■ In his third contention, defendant claims the trial court erred in rejecting his proposed cautionary and corroborating jury instructions.[9] We find no merit in this contention. Under SDCL 23A–22–15.1, "[t]he testimony of the complaining witness in a trial for a charge of rape shall not, merely because of the nature of that charge, be treated in any different manner than the testimony of a complaining witness in any other criminal case." This legislative enactment clearly prohibits the use of cautionary jury instructions in rape cases. *State v. Preston,* 331 N.W.2d 305, 307 (S.D.1983).

■ With regard to defendant's proposed corroborating jury instruction, we

have previously stated that as a general rule, it is not essential to a sexual offense conviction that the testimony of the victim be corroborated by other evidence. *State v. Grey Owl,* 316 N.W.2d 801, 804 (S.D. 1982). *See also State v. Schill,* 406 N.W. 2d 660 (N.D.1987); *State v. Kringstad,* 353 N.W.2d 302 (N.D.1984); *State v. Oasheim,* 353 N.W.2d 291 (N.D.1984). This general rule, however, is not without an exception. A person may not be convicted of the crime of rape upon the uncorroborated testimony of the victim if it appears that such testimony is unreliable or improbable or that the witness has been fairly impeached. *Grey Owl,* 316 N.W.2d at 804; *State v. Fulks,* 83 S.D. 433, 437, 160 N.W.2d 418, 420 (1968). This exception provides only the standard in testing the sufficiency of the evidence for submission of a particular case to the jury. *Grey Owl,* 316 N.W.2d at 805. It is not a matter for jury determination. *Id.* Therefore, the rejection of this instruction was not erroneous.

Defendant's fourth contention requires us to determine whether the trial court properly denied his motion for a judgment of acquittal. Defendant contends that there was insufficient evidence on the element of lack of consent for the jury to convict him.

■ Our standard of review on a denial of a motion for judgment of acquittal is whether the state set forth sufficient evidence from which the jury could reasonably find the defendant guilty of the crime charged. *State v. Farmer,* 407 N.W.2d 821, 825 (S.D.1987). In reviewing the sufficiency of the evidence, we consider the evidence in a light most favorable to the verdict. *State v. Ashker,* 412 N.W.2d 97,

---

8. The jury instruction read as follows:
   The fact that a witness has been convicted of a felony, if such be a fact, may be considered by you only for the purpose of determining the credibility of that witness. The fact of such a conviction does not necessarily destroy or impair the witness' credibility. It is one of the circumstances you may take into consideration in weighing the testimony of such a witness.

9. Defendant proposed the following jury instructions:
   From the nature of a case such as this the complaining witness usually is the only witness

for the prosecution testifying directly as to the alleged acts constituting the crimes. Therefore, the law requires that you examine the testimony of the prosecuting witness with caution and consider and weigh it in light of all the circumstances shown.
   If, from all the facts presented at the trial it appears that the alleged victim's testimony is unreliable, improbable, or that her testimony has been fairly impeached, then it is essential that testimony of the victim be corroborated by other evidence.

105 (S.D.1987). A guilty verdict will not be set aside if the state's evidence and all favorable inferences that can be drawn therefrom support a rational theory of guilt. *Id.; State v. Andrews,* 393 N.W.2d 76, 80 (S.D.1986).

 Applying the foregoing principles to the facts of the present case, we must conclude that defendant's motion for a judgment of acquittal was properly denied. Defendant admits that he and an unidentified male engaged in sexual intercourse with the victim at the time in question. He argues, however, that the victim consented to these acts. We note that a lack of consent in a rape case need not be established by physical resistance. *State v. Jones,* 381 N.W.2d 44, 47 (Minn.App. 1986); *State v. Havens,* 264 N.W.2d 918, 922 (S.D.1978). The element of compulsion can be satisfied by showing that the victim submitted out of fear of violence or injury. SDCL 22–22–1; *Havens,* 264 N.W.2d at 921. In the present case, the victim testified that she engaged in sexual acts with defendant and the other male because she feared physical harm to her or her son. Her testimony, if believed by the jury, and the other evidence introduced at trial were sufficient to sustain the jury's finding of guilt. We therefore hold that the trial court properly denied defendant's motion for a judgment of acquittal.

We next examine defendant's claim that the trial court erred in denying his motion for a psychiatric examination of the victim. The purpose of a psychiatric examination in cases involving sex offenses is to detect any mental or moral delusions or tendencies causing distortion of the imagination which would affect the probable credibility of the complaining witness. *State v. Carlson,* 392 N.W.2d 89, 92 (S.D. 1986). Whether such an examination of the victim in a sexual offense case should be ordered is within the sound discretion of the trial court. *Id.* It should be granted only upon a substantial showing of need and justification, which is not a light burden. *Id.*

In the present case, defendant fails to demonstrate that a psychiatric examina-

tion of the victim was proper. There is no evidence in the record indicating that the victim had any mental or moral delusions or a tendency which would cause distortion or affect credibility. We find no abuse of the trial court's discretion in failing to order the examination.

Defendant argues in his final contention that he was denied effective assistance of counsel. This court has repeatedly held that ineffective assistance of counsel claims will not be reviewed on direct appeal unless counsel's representation was so casual that the record evidences a manifest usurpation of the defendant's constitutional rights. *State v. Anderson,* 387 N.W.2d 544, 545 (S.D.1986); *State v. Wiegers,* 373 N.W.2d 1, 12 (S.D.1985); *State v. Hammond,* 357 N.W.2d 278, 280 (S.D.1984); *State v. Phipps,* 318 N.W.2d 128, 131 (S.D. 1982). From the record, we find no evidence of ineffective assistance of counsel that warrants considering this allegation on direct appeal.

The judgment of the conviction is affirmed.

All the Justices concur.