# STATE OF MICHIGAN

# COURT OF APPEALS

HEATHER ANN KIMBALL, formerly known as
HEATHER ANN PEARSON,

Plaintiff-Appellee,

v

TIMOTHY ROLAND PEARSON, JR.,

Defendant-Appellant.

UNPUBLISHED
March 29, 2018

No. 335639
Macomb Circuit Court
Family Division
LC No. 2010-002626-DM

AFTER REMAND

Before: GLEICHER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

The judgment of divorce in this case was entered on April 11, 2011. It provided for joint legal custody, primary physical custody to plaintiff, and parenting time for defendant every other weekend from the end of school Friday through start of school on Monday, and one weekday evening each week. On October 3, 2011, plaintiff filed a motion requesting permission to move from Macomb County to Gaylord. Defendant opposed the motion. The referee recommended denial of the request, and plaintiff requested a de novo hearing before the judge. Before the hearing, the parties reached a resolution. Defendant withdrew his opposition to the move to Gaylord, gave up his weekday parenting time, and agreed to transfer the children back to plaintiff at 6 p.m. Sunday evenings rather than taking them to school on Monday. In return, plaintiff agreed that defendant would have parenting time for the entire summer except for one week in July and the week before school resumed.

After the move, communication between the parties degenerated and joint decision making became difficult, all of which affected the children. In July 2016, defendant filed a motion to change custody and to change the children's domicile to his home. The referee recommended that the motion be denied as there was no substantial change or good cause to change custody. At a de novo hearing in August 2016, the trial court denied defendant's motion concluding that the *Vodvarka*[1] threshold had not been met. The court's decision on the threshold

---

[1] *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003).

was made without an evidentiary hearing. This is permitted by *Vodvarka*, 259 Mich App at 512, but only where "there are [no] contested factual issues that must be resolved in order for the court to make an informed decision on the motion."

Defendant moved for reconsideration. He attached to his motion, a letter from the children's therapist, Josette Lucci, in which she reported that the children had described incidents of physical and emotional abuse by their step-father at plaintiff's home. The trial court denied the motion for reconsideration, and defendant appealed.

We issued an unpublished opinion on July 25, 2017, holding that the trial court did not err in its initial denial of the motion to change custody, but that it did err in denying the motion for reconsideration without further factual development.[2] We found that the allegations provided in the therapist's letter were highly concerning, particularly as they came from a professional treating the children.[3] Accordingly, we remanded the case "for an evidentiary hearing to determine the extent to which the allegations in it were true, and, if so, what action needed to be taken for the best interests of the children."[4] We retained jurisdiction.[5]

On remand, the trial court conducted an extensive evidentiary hearing after which it concluded that there was good cause to change custody based on the parent's apparent inability to work together. See *Wright v Wright*, 279 Mich App 291, 299-300; 761 NW2d 443 (2008) (holding that joint custody was not an option where the parties "would not be able to cooperate and generally agree concerning important decisions affecting the welfare of the child."). However, rather than granting custody to defendant, who brought the motion, the court granted sole legal custody to plaintiff based upon its review of the statutory best-interest factors. MCL 722.23.

Defendant appeals from that order arguing, inter alia, that the trial court erred by not permitting Lucci to recount the statements of the children that led her to report concerns of abuse. We agree. The trial court ruled that this evidence was inadmissible because it was hearsay and did not fall within the MRE 803(4)[6] exception for statements made for purposes of medical treatment because Lucci was a social worker and not a doctor. This conclusion was erroneous. "MRE 803(4) is not by its terms limited solely to statements made for purposes of

---

[2] *Kimball v Pearson Jr.*, unpublished per curiam opinion of the Court of Appeals, issued July 25, 2017 (Docket No. 335639), p 1.

[3] *Id*. at 3-4.

[4] *Kimball*, unpub op at 5. We are typically very reluctant to find error in a trial court's denial of a motion for reconsideration, especially based on assertions of new evidence.

[5] *Id*.

[6] MRE 803(4) provides as follows:

> *Statements made for purposes of medical diagnosis or treatment describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.*

medical treatment by physicians and we decline to read the rule so narrowly." *Galli v Reutter*, 148 Mich App 313, 318; 384 NW2d 43 (1985); See also *In re Freiburger*, 153 Mich App 251; 395 NW2d 300 (1986) (social worker) (abrogated in part by *People v LaLone*, 432 Mich. 103, 437 NW2d 611 (1989); *People v Mahone*, 294 Mich App 208; 816 NW2d 436 (2011); *People v McElhaney*, 215 Mich App 269, 279; 545 NW2d 2d 18 (1996) (physician's assistant); *People v Skinner*, 153 Mich App 815; 396 NW2d 548 (1986) (psychologist); *United States v Kappell*, 418 F3d 550 (CA 6, 2005) (social worker); *People v Zysk*, 149 Mich App 452; 386 NW2d 213 (1986) (nurse).

The erroneous exclusion of the children's statements to Lucci was significant. Given that Lucci was not permitted to describe the grounds for the statements in the letter to the court, her concerns about abuse appeared to have had little, if any, basis. Moreover, it likely affected the trial court's conclusion that Lucci's entire testimony was not credible, a broad conclusion that appears to have been a significant factor in the court's best interests analysis. Finally, the erroneous ruling prevented the establishment of an adequate record concerning the reason for our remand.[7]

In light of this error, we again remand. On remand, the trial court shall resume the evidentiary hearing for the sole purpose of hearing full testimony from Lucci during which she may describe the statements and behaviors of the children that led her to express concern about abuse at the mother's home and offer her opinions about their significance. After considering that testimony, the court shall again rule on the motion to change custody.

We also agree with defendant that the trial court erred in substantially reducing his parenting time. Parenting time was not a subject of the hearing and the trial court addressed it only briefly at the end of its opinion from the bench. We conclude that the change violates the statutory requirement that "parenting time shall be granted to a parent in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time." MCL 722.27a(1). In this regard, we note that defendant's substantial summer parenting time had been stipulated to by plaintiff in exchange for agreeing to allow her to move the children over 150 miles from the family home, an action which appears to have been, at least in part, the genesis of the parties' ongoing custody litigation. Further, while having the children return to their mother's home earlier on Sunday in order to give the children time to get ready for school on Mondays is reasonable, the loss of time to the father should be made up by increased parenting time at less disruptive times.

Remanded for further proceedings. The October 5, 2017 custody order shall remain in effect until the trial court's decision on remand. We retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[7] We also note that during the balance of the hearing, the trial court allowed several witnesses presented by plaintiff to recount hearsay statements of the children.

# Court of Appeals, State of Michigan

## ORDER

Heather Ann Kimball v Timothy Roland Pearson, Jr

Docket No. 335639

LC No. 2010-002626-DM

Elizabeth L. Gleicher
Presiding Judge

Michael J. Kelly

Douglas B. Shapiro
Judges

Pursuant to the opinion issued concurrently with this order, the Court REMANDS this matter to the Macomb Circuit Court to resume the evidentiary hearing and reopen proofs for the sole purpose of hearing the full testimony of the child's therapist, Josette Lucci, during which Lucci may recount the statements and behaviors of the parties' children that led her to express concern about abuse in the mother's home, as well as offer her opinions about the significance of the statements and behaviors. This Court retains jurisdiction in this cause.

Upon the expiration of the 56-day period in which to file an application for leave to appeal in the Supreme Court, MCR 7.305(C)(2), the trial court shall reconvene the evidentiary hearing and take the testimony of Lucci. Those proceedings shall be given priority on remand until they are concluded. The trial court shall reconsider and rule on the motion to change custody within 21 days of the close of the evidentiary hearing. The trial court's ruling shall also provide for reasonable parenting time for the noncustodial parent consistent with the opinion of this Court. Within seven days after entry, appellant shall file with this Court a copy of the order entered on remand. The transcript of all proceedings on remand shall be prepared and filed within 21 days of the completion of the proceedings.

/s/ Elizabeth L. Gleicher

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 29, 2018
Date

Chief Clerk