PEOPLE v WALKER

Docket No. 87176. Submitted April 7, 1987, at Lansing. Decided
August 3, 1987. Leave to appeal applied for.

Jefforey R. Walker was convicted of two counts of first-degree
criminal sexual conduct following a jury trial in Bay Circuit
Court, William J. Caprathe, J. Defendant received a sentence of
from six to twenty years in prison and appealed, claiming the
trial court abused its discretion in refusing to dismiss a juror
challenged for cause on the ground that the juror, a police
officer in a community adjoining the community where the
alleged crimes in this case took place, was biased against
defendant and his attorney.

The Court of Appeals *held:*

1. The fact that the challenged juror was a police officer is
not of itself sufficient to warrant an inference of bias. Nor is
the mere fact that he was acquainted with the prosecuting
attorney and several prosecution witnesses. However, the juror
had worked closely over a course of ten years with the prose-
cutor and certain witnesses who were also police officers. The
very nature of this relationship necessarily includes the ele-
ments of cooperation and trust in the successful prosecution of
criminal defendants, especially those from the adjoining com-
munities in this case. In addition to working closely with the
prosecutor and other police officers who testified in this case,
the juror was also a close friend of some of the police officers
who testified in the case. Significantly, the credibility of the
police witnesses was material to the resolution of this case
since they testified about certain statements made to them by
defendant before he was charged, which statements were incon-
sistent with certain facts developed on investigation. The trial
court abused its discretion in refusing to excuse the juror and
defendant was denied a fair trial.

2. The testimony of complainant, if believed, would allow a

REFERENCES

Am Jur 2d, Jury §§ 98, 220, 267, 269, 272, 285, 315.

Professional or business relations between proposed juror and attor-
ney as ground for challenge for cause. 52 ALR4th 964.

Law enforcement officers as qualified jurors. 72 ALR3d 895.

rational trier of fact to conclude beyond a reasonable doubt that defendant committed two acts of criminal sexual conduct in the first degree.

3. The Court of Appeals rejected defendant's claim that he was denied a speedy trial. The delay was less than eighteen months and a significant portion of the delay was attributable to defendant.

Reversed and remanded for a new trial.

HOOD, J., dissented in part. He would hold that the trial court properly refused to excuse the challenged juror in the absence of any showing of actual bias or lack of objectivity. He would affirm defendant's conviction.

1. JURY — CHALLENGE FOR CAUSE — PRESUMPTION OF COMPETENCY — BURDEN OF PROOF.

A juror is presumed to be competent and impartial; the burden of proving otherwise is on the party challenging the juror for cause.

2. JURY — CHALLENGE FOR CAUSE — COURT RULES.

A trial court is required to excuse a juror whenever a challenge for cause clearly falls within one of the grounds enumerated by the Michigan Court Rules; where the challenge does not clearly fall within one of the enumerated grounds, the trial court may exercise discretion in deciding whether to excuse the juror (MCR 2.511[D]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Michael Schuck*), for defendant on appeal.

Before: M. J. KELLY, P.J., and HOOD and E. F. OPPLIGER,* JJ.

M. J. KELLY, P.J. Defendant was tried before a jury on an information charging him with three counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). The jury returned

---

* Circuit judge, sitting on the Court of Appeals by assignment.

verdicts of guilty on two of the counts but acquitted defendant on the third count. On July 8, 1985, defendant was sentenced to a term of from six to twenty years in prison. Psychological counseling and therapy were recommended. We reverse.

Defendant contends on appeal that the trial court abused its discretion when it refused to dismiss a juror for cause, as requested by defense counsel, and that, as a result, defendant was denied his right to be tried before a fair and impartial jury. On voir dire, juror David Mayotte revealed that he was a police officer in Essexville, a community neighboring Hampton Township, the location of the instant offense. Juror Mayotte had, in other cases, worked quite closely with the police officers involved in this case, some of whom were also his social friends. Mayotte knew the prosecuting attorney in this case rather well because he had participated as a witness in numerous cases tried by that same prosecutor. Mayotte had been a police officer for ten years and had investigated first-degree criminal sexual conduct cases approximately five times. He was not, however, associated with the investigation of this case and had heard nothing about it prior to reporting for jury duty.

In answer to the direct questions posed to him by both the trial court and the defense attorney, Mayotte indicated that he believed he could be fair and impartial to both sides and render an impartial verdict based on the evidence submitted at trial. Juror Mayotte stated that he would not treat the testimony of a police officer differently than that of any other witness and that he believed every person should be judged innocent until proven guilty beyond a reasonable doubt.

Defendant challenged the juror for cause. The trial court denied the challenge on the ground that juror Mayotte had indicated he could render an

impartial verdict. After counsel indicated that he had exhausted his peremptory challenges, the trial court asked both attorneys to approach the bench. Following a discussion off the record, the trial court inquired again whether defense counsel had any peremptory challenges, to which defense counsel responded, "no." Juror Mayotte was selected as the thirteenth juror.

Jurors are presumed to be competent and impartial and the burden of proving otherwise is on the party seeking disqualification. *McNabb v Green Real Estate Co,* 62 Mich App 500, 505; 233 NW2d 811 (1975). The dismissal of prospective jurors is governed by MCR 2.511(D), which provides:

> (D) Challenges for Cause. The parties may challenge jurors for cause, and the court shall rule on each challenge. A juror challenged for cause may be directed to answer questions pertinent to the inquiry. It is grounds for a challenge for cause that the person:
> (1) is not qualified to be a juror;
> (2) has been convicted of a felony;
> (3) is biased for or against a party or attorney;
> (4) shows a state of mind that will prevent the person from rendering a just verdict, or has formed a positive opinion on the facts of the case or on what the outcome should be;
> (5) has opinions or conscientious scruples that would improperly influence the person's verdict;
> (6) has been subpoenaed as a witness in the action;
> (7) has aready sat on a trial of the same issue;
> (8) has served as a grand or petit juror in a criminal case based on the same transaction;
> (9) is related within the ninth degree (civil law) of consanguinity or affinity to one of the parties or attorneys;
> (10) is the guardian, conservator, ward, landlord, tenant, employer, employee, partner, or client of a party or attorney;

(11) is or has been a party adverse to the chal-
lenging party or attorney in a civil action, or has
complained of or has been accused by that party in
a criminal prosecution;

(12) has a financial interest other than that of a
taxpayer in the outcome of the action;

(13) is interested in a question like the issue to
be tried.

If a party shows that a prospective juror comes
within one of the categories enumerated in the
court rule, then the trial court is without discre-
tion to retain that juror, who must be excused for
cause. *McNabb, supra* at 506-507, *People v Lamar,*
153 Mich App 127, 134-135; 395 NW2d 262 (1986),
and *Bishop v Interlake, Inc,* 121 Mich App 397;
328 NW2d 643 (1982). Otherwise, the decision to
excuse for cause is within the discretion of the
trial court.

The question in this case is whether juror May-
otte should have been excused for bias under MCR
2.511(D)(3). Since juror Mayotte stated that he
believed he could render an impartial verdict, we
are not confronted with a situation in which a
prospective juror clearly reveals a bias or preju-
dice on voir dire. Contrast *People v Skinner,* 153
Mich App 815; 396 NW2d 548 (1986), where the
juror expressed a preconceived notion that a ten-
year-old victim of sexual misconduct would not
testify falsely. However, a juror's subjective belief
that he or she is capable of rendering a fair
verdict is only one factor to be considered in
determining whether that juror is impartial.

We are persuaded that juror Mayotte should
have been disqualified from hearing the instant
case. The fact that juror Mayotte was a police
officer is not of itself sufficient to warrant an
inference of bias. Nor is the mere fact that he was
acquainted with the prosecuting attorney and sev-

eral prosecution witnesses. What troubles us in this case is the nature of juror Mayotte's relationship with the prosecutor and certain prosecution witnesses and the materiality of that relationship to his ability to judge the instant case. It is undisputed that the juror worked closely with the prosecutor and certain police witnesses over a course of ten years. The very nature of this relationship necessarily includes the elements of cooperation and trust in the successful prosecution of criminal defendants, especially where the offense is perpetrated within the Essexville-Hampton Township community. Not only did juror Mayotte work closely with the prosecuting attorney and certain witnesses in a way that was relevant to his ability to judge this criminal matter, but he was also a friend of some of the witnesses, with the friendship extending beyond the employment setting. Significantly, the credibility of the police witnesses was material to the resolution of this case since they testified about certain statements made to them by defendant before he was charged with this offense, which statements were inconsistent with certain facts developed on investigation.

In *People v Hannum*, 362 Mich 660, 666-667; 107 NW2d 894 (1961), defendant was granted a new trial because one of the jurors had failed to disclose on voir dire that he was a township police officer and special deputy sheriff. The Supreme Court asked whether "any experienced trial lawyer, or for that matter, the public generally" could conclude in good faith that a local police officer was able to "consider impartially the case of a defendant charged with a crime committed in the community?" The court unambiguously answered its own question: "We think not," and concluded that defendant had been denied his right to an impartial jury. Although the statutes and court

rules in effect at the time *Hannum* was decided have since been amended or repealed, we are persuaded that the same inferences of bias may be drawn in the instant case. We note that juror Mayotte, himself, indicated on voir dire some doubt as to whether he would be allowed to sit in a criminal matter.

Since we have found that a new trial is necessary, we need not address the issues raised in defendant's supplemental brief, with two exceptions. We are persuaded that the evidence introduced at trial is sufficient to support defendant's conviction of first-degree criminal sexual conduct. The complainant, who was fourteen years old at the time of this incident, testified that she was babysitting for a neighbor's seven-year-old son on the night of November 12, 1983, when defendant entered the apartment and forced her to submit to several sexual acts, including penetration. Although defendant testified that the complainant consented, complainant's testimony, if believed, would allow a rational trier of fact to conclude beyond a reasonable doubt that defendant committed two acts of criminal sexual conduct in the first degree. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979).

Second, we reject defendant's claim that he was denied his right to a speedy trial. The delay in bringing defendant to trial was less than eighteen months and is thus not presumptively prejudicial. *People v Collins,* 388 Mich 680, 695; 202 NW2d 769 (1972). A significant portion of the delay is attributable to defendant's request in late 1984 that complainant undergo a psychiatric evaluation. Defendant requested an adjournment of the trial date in October of 1984 and in November of 1984. Moreover, there is no evidence that defendant has suffered any prejudice as a result of the delayed

trial. Although defendant claims on appeal that the delay prevented the minor child for whom the complainant was babysitting from recalling the night in question, the boy's testimony does not support this claim. There is no dispute but that the child was sleeping at the time defendant was in the apartment with the complainant. The testimony of several witnesses establishes that complainant woke the child up and ran to her mother's after defendant had left the apartment. Complainant was hysterical and crying at the time. The minor child testified about the incident at trial, corroborating complainant's version of the events.

Reversed and remanded for a new trial.

E. F. OPPLIGER, J., concurred.

HOOD, J. (dissenting in part). I respectfully dissent from that portion of Judge KELLY's opinion which concludes that juror Mayotte should have been excused for cause.

Not only had Mayotte never heard of this case before, he knew nothing about it prior to reporting for jury duty. He stated that he believed he could be fair and impartial to both sides and render an impartial verdict based on the evidence submitted at trial. He said it would not be difficult to vote "not guilty" in a case such as this and then see his fellow officers again. He also said that his opinion was not slanted toward the prosecution, and he had no dislike for defense attorneys. He indicated that he did not think that criminals have too many rights in our society, and that he believed that the "beyond a reasonable doubt" standard was fair.

As indicated by the majority opinion, jurors are presumed to be competent and impartial and the

burden of proving otherwise is on the party seeking disqualification. *McNabb v Green Real Estate Co,* 62 Mich App 500, 505; 233 NW2d 811 (1975).

I am not persuaded that juror Mayotte should have been disqualified from hearing the instant case. The fact that juror Mayotte was a police officer is not of itself sufficient to warrant an inference of bias. Nor is the mere fact that he was acquainted with the prosecuting attorney and several prosecution witnesses. The Supreme Court's language in *People v Hannum,* 362 Mich 660, 666-667; 107 NW2d 894 (1961),—"Would any experienced trial lawyer, or for that matter, the public generally feel differently as to the ability of a local police officer to sit as a juror and consider impartially the case of defendant charged with a crime committed in the community? We think not"—was dictum. The basis for the reversal was the failure to disclose the relationship as a police officer and deputy sheriff. In this case, there was not only full disclosure of Mayotte's occupation and relationship with the system and the participants, but a reassertion, after extensive voir dire, that the prospective juror could be fair and impartial. What we are really asked to determine in this case is that, despite the absence of any showing of actual bias or disqualification, there should be a judicially fashioned presumption of bias and lack of objectivity in circumstances such as those which existed in this case. I would decline to do so.

Prior to the effective date of 1978 PA 11, MCL 600.1307a; MSA 27A.1307(1), numerous exemptions for prospective jurors existed, including state and federal employees, county officers and their deputies, judges and attorneys. The 1978 statute,

however, virtually eliminated all exemptions, and
provided:[1]

(1) To qualify as a juror a person shall:
(a) Be an elector in the county for which the
person is selected, and in the case of a district
court in districts of the second and third class, be
a resident of the district, and in the case of munic-
ipal courts of record, be a resident of the munici-
pality.
(b) Be conversant with the English language.
(c) Be physically and mentally able to carry out
the functions of a juror. Temporary inability shall
not be deemed a disqualification.
(d) Not have served as a petit or grand juror, in
a court of record during the preceding 12 months.
(e) Not be under sentence for a felony at the
time of jury selection.
(2) A person more than 70 years of age may
claim exemption from jury service and shall be
exempt upon making the request.
(3) For the purposes of sections 1371 to 1376 a
person has served as a juror if that person has
been paid for jury service.

There is no requirement in either the statute or
in the court rule that a police officer must be
found not qualified for jury duty or removed for
cause because he is acquainted with the prosecutor
or with prosecution witnesses who are also police
officers. As indicated above, and as stated in *Peo-
ple v Williams,* 143 Mich App 574, 588; 374 NW2d
158 (1985), "The burden was on defendant to show
that the juror was biased and . . . should have
been dismissed for cause." Defendant did not meet
that burden.

None of the issues raised in defendant's supple-

---

[1] A 1986 amendment, not pertinent to this discussion, 1986 PA 104,
has deleted the "elector" requirement and substituted only a require-
ment of United States citizenship and age of at least eighteen years.

mental brief, which is not even in minimal compli-
ance with MCR 7.212(C), have any merit whatso-
ever. I would therefore affirm defendant's convic-
tion.