# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KYLEE LYNN INGEBRIGTSEN,

Defendant-Appellant.

UNPUBLISHED
December 10, 2015

No. 322939
Delta Circuit Court
LC No. 14-008925-FH

Before: SAAD, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals her convictions following a jury trial for operating while intoxicated, third offense (OWI 3d), MCL 257.625(1)(a), (9)(c), unlawful possession of a controlled substance (Valium or diazepam), MCL 333.7403(2)(b)(*ii*), and driving while license suspended, second offense, MCL 257.904(3)(b) (DWLS). Defendant was acquitted of unlawful use of a controlled substance (Focalin or dexmethylphenidate), MCL 333.7404(2)(b). Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 2 to 10 years' imprisonment for OWI 3d and to 146 days for her possession and DWLS convictions. For the reasons provided below, we affirm.

Defendant's charges stem from a February 25, 2014, motor vehicle accident. Defendant drove a truck off the road into a snowy ditch. Defendant contended that the accident was the result of a seizure, but the police officers who responded to the scene believed that she was intoxicated. An empty Focalin capsule and an empty Suboxone packet were found in her vehicle, along with a used needle, a plunger for the needle, and cotton-lined box. A Focalin pill and a baggie containing Valium were also found near where defendant had been seated in the interview room at the police station. Defendant only had a prescription for Suboxone.[1]

On appeal, defendant contends that there was insufficient evidence to convict her of OWI 3d. We review this claim de novo, *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008), and consider "the evidence in the light most favorable to the prosecution," *People v*

---

[1] Suboxone was prescribed for defendant to treat her addiction to pain-killer medication, stemming from an earlier motorcycle accident.

*Fennell*, 260 Mich App 261, 270; 677 NW2d 66 (2004). We look to see whether given the record evidence, "a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *Id.*

Defendant was convicted of violating MCL 257.625(1)(a), which provides:

(1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:

(a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.

The parties agree that the disputed element on this charge is whether defendant was "under the influence," where that term means that "defendant's ability to drive was substantially and materially affected" by a controlled substance or some combination of controlled substances. *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975). The jury was instructed as follows: "The test is whether, because of the use or consumption of a controlled substance, the defendant's mental or physical condition was significantly affected and the defendant was no longer able to operate a vehicle in a normal manner." See also *People v Walters*, 160 Mich App 396, 402; 407 NW2d 662 (1987) (stating that "the inability to drive normally is an element of the offense of OUIL").

Defendant argues that there was no evidence presented that the specific symptoms of defendant's alleged state of impairment are symptoms that arise as a result of consuming or abusing diazepam, Focalin, or Suboxone. Although defendant is correct that no one with expert knowledge of the substances testified regarding the effects of those drugs, and no documents listing side effects were entered into evidence, defendant is mistaken about the absence of any evidence as to the drugs' effects. Contrary to defendant's argument, direct evidence is not required. "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to establish the elements of a crime." *Fennell*, 260 Mich App at 270.

At least five active or retired police officers testified that defendant displayed signs consistent with being intoxicated. Defendant herself testified that she recalled there being a label on the Suboxone containers when she first began taking it that advised users to "use caution when you first start taking this medication when operating a motor vehicle." In addition, the prosecution presented evidence that it was possible for defendant to have concentrated and injected the Suboxone. Moreover, defendant admitted that she likes the way Valium makes her feel, and that she told a friend that she would never lose 24 Valium; she would instead consume them and be "out" for days. The jurors could reasonably infer from this evidence that plaintiff ingested one or more controlled substances and experienced effects that manifested as intoxication, which resulted in defendant "no longer [being] able to operate a vehicle in a normal manner."

Defendant also argues that she was denied a fair trial because of the admission of evidence suggesting she was an intravenous (IV) drug user. Defendant never objected to the admission of the evidence, so this evidentiary issue is not preserved, *People v Knox*, 469 Mich 502, 508; 674 NW2d 366 (2004), and our review is for plain error affecting defendant's substantial rights, *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant claims that the evidence of her prior IV drug usage was inadmissible under MRE 404(b). MRE 404(b) prohibits using evidence of past, specific acts to prove that the person later acted in conformity with those prior acts. *People v Sabin (After Remand)*, 463 Mich 43, 56; 614 NW2d 888 (2000). In other words, "[w]here the only relevance of the proposed evidence is to show the defendant's character or the defendant's propensity to commit crime, the evidence must be excluded." *Knox*, 469 Mich at 510. Thus, for evidence that potentially implicates MRE 404(b) to be admissible, the evidence must be offered for a proper purpose, *id.* at 509, and a proper purpose is one other than establishing a defendant's character to show his propensity to commit the charged offense, *People v Johnigan*, 265 Mich 463, 465; 696 NW2d 724 (2005).

Looking first at a proper purpose, knowledge and lack of accident or mistake are permissible uses of character evidence under MRE 404(b)(1). Here, a used hypodermic needle was found in the truck defendant was driving, along with Suboxone, a cotton lined box, and a cigarette filter. Two Delta County Sheriff Department officers testified about the process of liquefying drugs, filtering them, and then injecting them using such materials. The scars on defendant's arms were indicia of previous injections that showed she knew how to use the components found in the vehicle to inject the controlled substances at issue in this case. It further provided context to defendant's references to "rigs" in recorded jailhouse calls and discounted her explanation, in conjunction with the evidence of a recent injection, that the discussion with a friend that her ability to perform an injection while driving was a joke.

Furthermore, the evidence related to the observations of defendant's scarred veins was directly relevant to the lack of blood evidence regarding what substances were in defendant's system the day of the accident. The likely origin of the scars was relevant to explain why the blood draw was so difficult and, ultimately, unsuccessful. Had the prosecution not been able to present the evidence regarding defendant's scarred veins, the jury would likely have been confused as to why so little blood had been drawn, or why the testing lab indicated that there was not enough blood to test for controlled substances even though it had been tested for alcohol.

Additionally, as the prosecution notes, defendant's former drug use was already known because it was necessary to explain why defendant was prescribed Suboxone. The prescription was relevant because defendant had gone to Marquette to get it filled and was returning from having it filled when she drove off the road. Suboxone was found in the truck and was alleged to be one of the substances defendant had taken.

Though relevant, MRE 404(b) evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403; *Knox*, 469 Mich at 509. Unfair prejudice exists where there is "a danger that marginally probative evidence will be given undue or preemptive weight by the jury," or "it would be inequitable to allow the proponent of the evidence to use it." *People v Mills*, 450 Mich 61, 75-76; 537 NW2d 909, mod on other grounds 450 Mich 1212 (1995) (quotation marks and citation omitted). Defendant asserts that

"the probative value of the scars would be limited, as they are evidence of past events, rather than the present." But the evidence of the scars was highly probative to demonstrate defendant's knowledge, to explain the difficulty of the blood draw, and it also provided context to defendant's need for the Suboxone prescription. Defendant further claims that the evidence was needed to show that defendant "must have been acting in accordance with her usual behavior." But, as already discussed, the evidence was not offered for that purpose. Consequently, MRE 403 would not bar the admission of the evidence.

Therefore, we hold that defendant has failed to show how the admission of the evidence constituted plain error.

Defendant also argues that her trial counsel was ineffective by failing to object to the admission of the IV drug usage evidence. But because admission of the evidence was proper, defense counsel was not ineffective for failing to raise a futile objection, *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998), or for failing "to advocate a meritless position," *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

Defendant's final claim on appeal is that her counsel was ineffective for failing to object to the inclusion of a juror who was the first cousin of the prosecutor's mother-in-law, i.e., a fifth-degree relative of the prosecutor. Because no evidentiary hearing was held, our review is limited to errors apparent on the record. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). "To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient in that it fell below an objective standard of professional reasonableness, and that it is reasonably probable that, but for counsel's ineffective assistance, the result of the proceeding would have been different." *Id.*

Defendant relies on MCR 2.511(D) which provides, in relevant part, as follows:

> The parties may challenge jurors for cause, and the trial court shall rule on each challenge. A juror challenged for cause may be directed to answer questions pertinent to the inquiry. It is grounds for a challenge for cause that the person:
>
> (1) is not qualified to be a juror;
>
> (2) is biased for or against a party or attorney;
>
> * * *
>
> (8) is related within the ninth degree (civil law) of consanguinity or affinity to one of the parties or attorneys.

Defendant is correct that MCR 2.511(D) permits an attorney to challenge a juror for cause if the juror is related to any of the parties within the ninth degree. Although trial courts have no discretion whether to strike for cause if a party shows that a juror falls within one of the subsections of MCR 2.511(D), *People v Walker*, 162 Mich App 60, 64; 412 NW2d 244 (1987), the rule does not require counsel to make such a challenge. MCR 2.511(D) is a permissive rule, not a mandatory one, providing that "the parties *may* challenge jurors for cause." (Emphasis

added.)  See *In re Bail Bond Forfeiture*, 496 Mich 320, 328; 852 NW2d 747 (2014) (stating that "may" is a permissive term, not a mandatory one).

Here, there is no question that counsel recognized his ability to exercise juror challenges and, in fact, utilized them where he was concerned about possible bias based on a relationship with the prosecutor.  One potential juror stated that she knew the prosecutor's brother, having graduated with him.  The potential juror stated that she could set that aside and decide the case based solely on the facts and evidence, but defense counsel nonetheless used a peremptory challenge to excuse her.  And when another potential juror stated that she could be fair and impartial despite knowing the prosecutor both personally and professionally, defense counsel again used a peremptory challenge to excuse her.

Accordingly, because the relationship between the prosecutor and the juror in issue was fully disclosed, it is reasonable to conclude that defense counsel would have excused the juror were he concerned about the relationship.  In fact, upon further questioning by defense counsel, the juror stated that he had never met the prosecutor and would have no problem voting not guilty if he thought the evidence was insufficient.  With these facts, we cannot conclude that defense counsel's failure to challenge the juror was objectively unreasonable, especially in light of the remoteness of the juror's relationship to the prosecutor and the juror's assurance of being impartial.  *See People v Miller*, 482 Mich 540, 561; 759 NW2d 850 (2008) (rejecting view that a new trial is always required whenever a juror would have been excusable for cause and, instead, stating that "the proper inquiry is whether the defendant was denied his right to an impartial jury").

Affirmed.


/s/ Henry William Saad
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien