# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PAMELA MAE BUTLER,

        Defendant-Appellant.

UNPUBLISHED
August 16, 2016

No. 327415
Wayne Circuit Court
LC No. 14-004063-FH

Before: K. F. KELLY, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right her jury convictions of possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*), and possession of a firearm during the commission of a felony, MCL 750.227b(1).[1] The trial court sentenced defendant to five years' probation for the controlled substance conviction and a two-year term of consecutive imprisonment for the felony-firearm conviction. We affirm.

Defendant argues that she is entitled to a new trial due to ineffective assistance of counsel. Although defendant preserved this issue by raising it in the trial court, the trial court did not conduct an evidentiary hearing. Therefore, "review is limited to mistakes apparent from the record." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014). "Effective counsel is presumed and the defendant bears a heavy burden of proving otherwise." *People v Eloby (After Remand)*, 215 Mich App 472, 476; 547 NW2d 48 (1996). To establish ineffective assistance of counsel, defendant must "show both that counsel's performance fell below objective standards of reasonableness, and that it is reasonably probable that the results of the proceeding would have been different had it not been for counsel's error." *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007). Under the first prong of this test, "a reviewing court must conclude that the act or omission of the defendant's trial counsel fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason

---

[1] The jury acquitted defendant of an additional charge of maintaining a drug house, MCL 333.7405(1)(d).

for the act or omission." *People v Gioglio (On Remand)*, 296 Mich App 12, 22-23; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864 (2012).

Defendant first argues that trial counsel was ineffective for not moving to suppress the marijuana and gun that were seized from the house occupied by defendant. The failure to object to evidence can constitute ineffective assistance of counsel where the evidence is inadmissible and its introduction is so prejudicial that it could have affected the outcome of the case. *People v Ullah*, 216 Mich App 669, 685-686; 550 NW2d 568 (1996).

According to defendant's testimony at trial, she was at her daughter's house when she heard a loud bang on the front door. When she went to open the door, the police broke into the house, searched it, and found marijuana plants and a rifle in the basement. Although defendant complains that counsel was ineffective for not challenging the validity of the search in a motion to suppress, defendant has not established that she had standing to challenge the search.

"The Fourth Amendment of the United States Constitution and its counterpart in the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures." *People v Kazmierczak*, 461 Mich 411, 417; 605 NW2d 667 (2000). In order to implicate the Fourth Amendment, the police must conduct a search, which "occurs when the government intrudes on an individual's reasonable, or justifiable, expectation of privacy." *People v Taylor*, 253 Mich App 399, 404; 655 NW2d 291 (2002). Clearly, one may have a reasonable expectation of privacy in one's own home. *People v Custer (On Remand)*, 248 Mich App 552, 561-562; 640 NW2d 576 (2001). One may even have a reasonable expectation of privacy in another's home if one is staying there temporarily as a guest, but not if one is merely visiting. *People v Parker*, 230 Mich App 337, 340-341; 584 NW2d 336 (1998).

Defendant testified that she was just at the house that day to help her daughter's father with childcare duties, but that she used the house as a mailing address for important documents. Defendant does not address the standing issue. Because the record does not establish a basis for defendant's standing to challenge the validity of the search, and defendant has not made an offer of proof showing a basis for resolving the issue in her favor, there is no basis for finding that defense counsel was ineffective for failing to file a motion to suppress. Absent standing, the issue cannot be resolved in defendant's favor and "defense counsel is not ineffective for failing to pursue a futile motion." *People v Brown*, 279 Mich App 116, 142; 755 NW2d 664 (2008).

Defendant also argues that defense counsel was ineffective for failing to object when the trial court dismissed several venire members because they favored the legalization of marijuana, without further inquiry whether the jurors' views about marijuana would prevent them from rendering an impartial verdict based on the evidence.

"A defendant tried by jury has a right to a fair and impartial jury." *People v Budzyn*, 456 Mich 77, 88; 566 NW2d 229 (1997). "Jurors are presumed to be competent and impartial . . . " *People v Walker*, 162 Mich App 60, 63; 412 NW2d 244 (1987). That presumption is not overcome by the mere existence of preconceived notions, impressions, or opinions about the case or the defendant's guilt or innocence. *People v Cline*, 276 Mich App 634, 640-641; 741 NW2d 563 (2007). The court must examine the prospective jurors, who may be asked questions pertinent to the inquiry. MCR 2.511(C) and (D); MCR 6.412(D)(2). If a prospective juror states

that he or she can set aside any personal opinion and render an impartial verdict based on the evidence, a challenge for cause should not be granted. See *Irvin v Dowd*, 366 US 717, 723; 81 S Ct 1639; 6 L Ed 2d 751 (1961); *People v Roupe*, 150 Mich App 469, 474; 389 NW2d 449 (1986). The trial court erred in dismissing the prospective jurors out of hand, without determining whether they could set aside their opinions regarding the legalization of marijuana. However, even if counsel's failure to raise a timely objection could be deemed unreasonable, defendant has not shown that she was prejudiced by counsel's error.[2] While potentially fair and impartial prospective jurors did not have an opportunity to decide this case, defendant does not contend that the jury that was impaneled was not fair and impartial. Therefore, defendant was not denied her right to a fair and impartial jury, and thus was not prejudiced by counsel's failure to timely object.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause

---

[2] We reject defendant's reliance on *People v Miller*, 411 Mich 321; 307 NW2d 335 (1981), to argue that she should not have to show prejudice for a claim of ineffective assistance of counsel predicated on counsel's handling of a jury-selection issue. Not only is such an argument contrary to *Frazier* regarding the necessary elements of a claim of ineffective assistance of counsel, the rule of automatic reversal adopted in *Miller* was rejected by a majority of justices in *People v Bell*, 473 Mich 275, 293-295 (CORRIGAN, J.), 301-303 (TAYLOR, CJ., concurring); 702 NW2d 128 (2005), amended 474 Mich 1201 (2005).